IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA VU,<br>        Plaintiff,<br><br>v.<br><br>MICHELLE L. KOTT, *et al.*,<br>        Defendants. | Civil No. 5:23-cv-03336-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                               **May 31, 2024**

**I.      OVERVIEW**

Plaintiff, Tina Vu, a former police officer for the City of Bethlehem, brings numerous claims against the City of Bethlehem and the following individuals of the Bethlehem Police Department: Chief Michelle Kott, Deputy Chief Scott Meixell, Captain Benjamin Hackett, Sergeant Joshua Schnalzer, Sergeant Kevin Conrad, and Human Resources Director Michelle Cichocki stemming from alleged discriminatory actions taken during Plaintiff's employment. Defendants move to dismiss a number of claims. For the reasons that follow, Defendants' motion is granted in part and denied in part.

**II.     FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

Plaintiff filed the original complaint on August 28, 2023. ECF No. 1. Plaintiff later amended the complaint on February 20, 2024, following Defendants' first motion to dismiss. ECF Nos. 15, 29. Defendants filed a subsequent motion to dismiss, which is fully briefed before the Court.

For the purposes of the motion to dismiss, the Court accepts all factual allegations of the Amended Complaint as true.[1]

## III.  LEGAL STANDARD

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing, *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing, *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting, *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

## IV.  ANALYSIS

### A.  Count I: Fourteenth Amendment Equal Protection

"To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiffs must prove the existence of purposeful discrimination." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990) (internal citations omitted). To do so, they must show that they "received different treatment from that received by other individuals similarly situated.'" *Id.* (internal citations and quotations omitted). Persons are similarly situated under the Equal Protection Clause when they are alike "in all relevant aspects." *Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 203

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

(3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). Under the protected class theory, "the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class." *Henry v. Buskirk*, No. CIV.A. 08-1348, 2011 WL 4471217, at *7 (E.D. Pa. Sept. 27, 2011).[2]

Here, Plaintiff fails to allege Defendants treated any similarly situated officers differently. For starters, non-probationary, permanent police officers are not similarly situated compared to probationary officers as they are "held to differing standards [and] other mitigating factors [] distinguish the manner in which an employer treated them." *Dudhi v. Temple Health Oaks Lung Ctr.*, 2020 U.S. Dist. LEXIS 35112, at *15 (E.D. Pa. Mar. 2, 2020). Further, there are no allegations in the Amended Complaint that any other probationary police officers violated the same policies, were found to have been dishonest, or faced similar situations. As no similarly situated employees have been established, the claim is not adequately pled.

### B.   Count II: Fourteenth Amendment Equal Protection Hostile Work Environment

In order to state a hostile work environment claim, plaintiff must adequately allege "(1) that he or she suffered intentional discrimination because of race [or gender]; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected [him or her]; (4) the discrimination would detrimentally affect a reasonable person of the same race [or gender] in that position; and (5) the existence of respondeat superior liability." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1081 (3d Cir. 1996).

---

[2] If the action was not based upon a suspect classification, a plaintiff can proceed under a "class of one" theory by claiming she was singled out irrationally. *Engquist v. Dep't of Agric.*, 553 U.S. 591, 601 (2008). However, this theory does not apply in the context of public employment. *Id.* at 605. It is therefore inapplicable to this case and dismissed to the extent it is relied upon in the Amended Complaint.

"To determine whether an environment is hostile, a court must consider the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 168 (3d Cir. 2013) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, (1993)). "'Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to' a hostile work environment." *Benny v. Pennsylvania, Dep't of Corr., State Corr. Inst. at Somerset*, 211 F. App'x 96, 97 (3d Cir. 2006) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal citations and quotations omitted)).

The Amended Complaint contains only allegations of isolated comments and vague references to bias and discriminatory treatment. While offensive, such sporadic and vague references alone do not rise to the level of regular and pervasive that is necessary to successfully allege a hostile work environment. *Faragher,* 524 U.S. at 788 (Title VII is not a "general civility code," and instead is intended to target conduct so "extreme to amount to a change in the terms and conditions of employment.") (internal citations and quotations omitted).

    **C.**    **Count III: Discrimination and Hostile Work Environment under Title VII**

In order to state a Title VII Discrimination claim, a plaintiff must plead "(1) [s]he is a member of a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination." *Darby v. Temple Univ.*, 216 F. Supp. 3d 535, 541 (E.D. Pa. 2016) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Plaintiff "need not convince the court of any of these elements at the motion to dismiss stage but must submit more than 'the naked assertion that [she] was discharged because of [her] membership in a protected class." *Id.* (quoting *Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014)).

Here, the first three elements are undisputedly established. Defendants challenge whether Plaintiff has established her termination occurred under circumstances that give rise to an inference of discrimination. An inference of discrimination may be plead "'in a number of ways,' including pointing to 'comparator evidence, evidence of similar discrimination against other employees, or direct evidence of discrimination from statements or actions by the plaintiff's supervisor's suggesting discriminatory animus.'" *Emerson v. Stern & Eisenberg, P.C.*, No. CV 21-3096, 2022 WL 10208548 at *4 (E.D. Pa. Oct. 17, 2022) (quoting *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 n.2 (3d Cir. 2010)).

The Complaint fails to state a claim for discrimination based on race or national origin, as Plaintiff points to only one comment made directly to her, along with generic allegations that the City of Bethlehem did not employ other police officers of Plaintiff's race or national origin and the fact that there was a statistical increase in anti-Asian sentiment during the Covid-19 pandemic. These broad statements and this one specific instance do not rise to the level of creating an inference of discrimination that Plaintiff was terminated based on her race or national origin. The Amended Complaint therefore fails to state a claim based on race or national origin.[3]

### D.  Count IV: Section 1981 Disparate Treatment

42 U.S.C. § 1981 does not provide a cause of action against state actors, and such claims must instead be brought through the cause of action provided by § 1983. *McGovern v. City of Philadelphia*, 554 F.3d 114, 120-21 (3d Cir. 2009). While Plaintiff alleges she incorporated § 1983 through reference in the Counts I, II, and III, as discussed *supra*, she failed to state a claim regarding race discrimination. As § 1981 does not apply to national origin, religion, sex, or gender, all such claims are dismissed with prejudice.

---

[3] To the extent this claim alleges hostile work environment, those claims are dismissed for the reasons stated *supra*.

### E. Count V: Fourteenth Amendment Due Process

In order to establish a claim under § 1983 for procedural due process, plaintiff must allege "(1) [s]he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [her] did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

"[T]o have a property interest in a job ... a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir.2005) (*citing Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). Additionally, "an at-will employee does not have a legitimate entitlement to continued employment because [she] serves solely at the pleasure of [her] employer." *Id.* at 282. Specifically, courts in Pennsylvania have found that, "[p]robationary police officers have neither a property interest in their employment, nor an absolute right to a pre- or post-termination hearing." *Bartal v. Borough of Laureldale*, 515 F. Supp. 2d 556 (E.D. Pa. 2007) (citing *Olson v. Borough of Avalon*, 811 A.2d 66, 71 (Pa. Commw. 2002)).

"[T]o make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to [her] reputation plus deprivation of some additional right or interest." *Hill* 455 F.3d at 236 (internal citations omitted). "[A] public employee who is defamed in the course of being terminated or constructively discharged satisfies [this] test even if, as a matter of state law, [s]he lacks a property interest in the job [s]he lost." *Id.* at 238.

Here, Plaintiff did not have a vested property interest in her job that would mandate a due process hearing, as she was terminated during a probationary employment period. However, Plaintiff has adequately alleged a due process claim for deprivation of a liberty interest in her reputation. Accepting Plaintiff's allegations as true, the publication of the inter-office memorandum alleging

Plaintiff falsified reports and engaged in deceitful acts, along with the dissemination of these comments, defamed her reputation and resulted in her name being placed on the District Attorney's Office's Disclosure List. It is also alleged that the memorandum and its dissemination had a negative effect on Plaintiff's public image and future job prospects. The Court finds the Complaint adequately alleges a deprivation of Plaintiff's liberty interest.

      F.      **Count VI: Municipal/Monell Liability**

In order to sustain a § 1983 claim against the City of Bethlehem, Plaintiff must demonstrate that a constitutionally protected right was violated, and the alleged violation resulted from a policy or custom that exhibits deliberate indifference to the rights of citizens. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95 (1978). Plaintiff can do this in one of two ways. *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). For the first way, Plaintiff can show "an unconstitutional policy or custom of the municipality" that led to her injuries. *Id*. For the second way, Plaintiff could show that her injuries were "caused by a failure or inadequacy by the municipality that 'reflects a deliberate or conscious choice.'" *Id*. (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)).

The alleged custom or policy must go beyond mere conclusory statements. *McTernan v. City of New York*, 564 F.3d 636, 658-59 (3d Cir. 2009). Policy is made when "a decisionmaker possessing final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict." *Id*. A custom is established when "though not authorized by law, 'such practices of state officials [are] so permanently and well-settled' as to virtually constitute law." *Id*. In addition, custom "requires proof of knowledge and acquiescence by the decisionmaker." *Id*.

Plaintiff alleges that the City of Bethlehem established a custom of systematically fostering racial and sexual discrimination. However, Plaintiff did not allege sufficient facts to support that the City of Bethlehem gave up or acquiesced on fixing the underlying discriminatory problems. Instead,

the Amended Complaint establishes the opposite, that the City was attempting to fix underlying environmental issues. *See* ECF No. 19 at ¶¶ 35, 42-43, 236, 237, 238.

As to the Amended Complaint's failure to train claim, a plaintiff must ordinarily show a "pattern of similar constitutional violations by untrained employees" and "deliberate indifference" to her rights. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011); *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir.1999).

Here, Plaintiff fails to allege facts beyond conclusory allegations that the City was aware of a need for further training. As to attempt to establish deliberate indifference to her rights, she alleges the City failed to properly react after her termination. This is an improper pleading that does not establish a failure to train claim, as the City needs to be on notice of the need to train prior to the constitutional violation.

      **G.**      **Count VII: Civil Conspiracy Claims**

To state a cause of action for a conspiracy claim under §1985, the plaintiff must allege "(1) two or more persons conspire to deprive any person of the equal protection of the law; (2) one or more of the conspirators performs or causes to be performed any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States." *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001). A claim under §1985 requires "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971).

"To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law 'reached an understanding' to deprive him of [her] constitutional rights.

*Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)).

The Amended Complaint fails to adequately allege Defendants conspired or reached any agreement to deprive Plaintiff of any constitutional rights. The only constitutional violation that survives this instant motion is deprivation of Plaintiff's liberty interest in her reputation. Beyond conclusory allegations, no pleadings support a conspiracy claim as to that alleged violation.[4]

### H.   Count VIII: Supervisory Liability Against Defendant Kott

When a defendant has personal involvement, which can be shown through "participat[ing] in violating the plaintiff's rights, direct[ing] others to violate them, or, as the person in charge, ha[ving] knowledge of and acquiesce[ing] in [the] subordinates' violations," he or she can be held to have supervisory liability under § 1983. *Cannon v. City and Cnty. of Philadelphia*, No. 14–5388, 2014 WL 7399037, at *3 (E.D. Pa. Dec. 30, 2014).

The Amended Complaint alleged that Defendant Kott is directly responsible for violating Plaintiff's rights through her presence at the *Loudermill* hearing, terminating Plaintiff, requesting and attaining Plaintiff's name on the Northampton County DA's "Disclosure List", and directing the conduct of the individuals responsible for the civil rights violations. ECF No. 19 at ¶¶ 122, 123, 137, 270. The Court considers her alleged responsibility as it relates to the remaining claims and finds it is sufficiently pled at this stage of the litigation.

### I.   Count IX: IIED Claim

To establish an Intentional Infliction of Emotional Distress ("IIED") claim under Pennsylvania law, the plaintiff must allege that "'the defendant's conduct: (1) was intentional or

---

[4] In addition to Plaintiff's Due Process claim, a Title VII discrimination claim remains. However, "conspiracies to violate rights protected by Title VII [] are not cognizable under § 1985(3)," nor are they constitutional rights under § 1983. *Gilmore v. Nat'l Mail Handlers Union Local,* 318, 517 Fed. Appx. 784, 788-89 (11th Cir. 2013).

reckless; (2) was extreme and outrageous; (3) actually caused the distress; and (4) caused distress that was severe.'" *McCowan v. City of Philadelphia*, No. CV 19-3326-KSM, 2021 WL 84013, at *30 (E.D. Pa. Jan. 11, 2021) (quoting *Regan v. Twp. of Lower Merion*, 36 F. Supp. 2d 245, 251 (E.D. Pa. 1999)). IIED claims must be "'so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society.'" *McGreevy v. Stroup*, 413 F.3d 359, 371 (3d Cir. 2005) (quoting Restatement (Second) of Torts § 46 cmt. d).

Here, Plaintiff alleges IIED based upon her wrongful termination, Defendants' discriminatory action, and her placement on the Disclosure List. These pleadings fail to meet the high threshold of outrageous in character and beyond all bounds of decency. *See Ellis v. Genesis Healthcare Corp.*, Civil Action NO. 18-5536, 2019 WL 1303981, at *4 (E.D. Pa. Mar. 20, 2019) (finding no IIED claim when termination was result of racial discrimination); *see also, Madreperla v. Williard Co.*, 606 F.Supp. 874, 880 (E.D. Pa. 1985) (finding no outrageous conduct when employer created a premediated plan to force employee to resign).

| V. | **CONCLUSION** |

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 22) is **GRANTED IN PART** and **DENIED IN PART**. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge